Weight, J.,
delivered the opinion of the Court,
There is no error in this judgment.
The first error assigned is, that Scruggs, Drake & Co., the consignees of the cotton, should have brought the suit. It is true, as a general rule, that the consignee is the proper person to sue. But here, Kelly, the defendant in error, is shown to have been the owner of this cotton, and he was the proper person to sustain the action, as held in Turney v. Wilson, 7 Yer., 340.
It is next objected that the Circuit Judge permitted oral evidence, of the delivery of the cotton, to be given to the jury when there was a receipt in writing, and it not produced, or accounted for. But it does not clearly appear in this record that Campbell, the clerk and agent of the defendant who forwarded the cotton, executed any receipt; and certainly not that Burns, the clerk who received the cotton at the river for the company, gave any. The delivery at the river fixed the liability of the company. Then, if the law was that the mere fact of delivery could not be proved orally when there was a receipt, still, we think, in this case the Court did not err.
It is next assumed that the Court erred in permitting the deposition of Drake, one of the consignees, to go to the jury, because it is alleged he was an interested witness. But we think this position also untenable. The house of Scruggs, Drake & Co., never had the cotton in their possession, and are under no liability about it. And it is not perceived that they have any interest in the suit. The cotton belongs to Kelly and the recovery is for his benefit, and he is liable to *160 Scruggs, Drake and Co. for tbeir advancements to Mm, at all events, whether the suit is gained or lost.
Besides, they are factors, and constitute, as a general rule, an excepted class in the law of evidence. This exception has its foundation, says Mr. Greenleaf, in public convenience and necessity. 1 Greenl. Ev., p 416.
The judgment is affirmed.